**UNITED STATES of America,**

v.

**Gerald SCOTT, Defendant.**

**Criminal No. 07–10005–NMG.**

United States District Court,
D. Massachusetts.

July 19, 2007.

Theodore B. Heinrich, United States Attorney's Office, Boston, MA, for United States of America.

### MEMORANDUM & ORDER

GORTON, District Judge.

On July 12, 2007, the Court imposed a sentence with an upward departure pursuant to U.S.S.G. § 4A1.3 and enters this memorandum in accordance with that Guideline provision.

### I. *Background*

On January 4, 2007, Gerald Scott was charged in a six-count Sealed Indictment, which also named co-defendants Kelly Smoak, Fernando Phillips and Jean Janvier. Scott was charged with one count of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Count One). The Indictment also included a Forfeiture Allegation pursuant to 21 U.S.C. § 853.

On July 12, 2007, Scott was sentenced to 30 months of incarceration, to be followed by four years of supervised release. The Court upwardly departed from the applicable guideline range pursuant to U.S.S.G. § 4A1.3(a) and, in accordance with the directive of subsection (c) of that Guideline, the Court sets forth in this memorandum the specific reasons why the applicable criminal history category ("CHC") substantially under-represents the seriousness

of the defendant's criminal history or the likelihood that he will commit other crimes.

## II. *Analysis*

### A. Legal Standard

Pursuant to U.S.S.G. § 4A1.3, the Court may apply an upward departure if the defendant's CHC substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. *See United States v. Marsh*, 486 F.Supp.2d 150, 157 (D.Mass.2007). According to the Commentary to § 4A1.3, an upward departure is authorized in limited circumstances where reliable information indicates that the CHC does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism. In such a circumstance, the normal course is to proceed horizontally across the sentencing table through successively higher CHCs until the appropriate, or reflective, sentencing range is reached. *Id.*

### B. Application

Scott's criminal history is more serious than his calculated CHC reflects because of the number of convictions 1) involving violence or dishonesty and 2) that are unscored for various reasons. His record indicates a lack of respect for the criminal justice system and a propensity to continue to lead a life of crime. For example, Scott's record includes:

1) convictions for four violent crimes, including an instance of domestic violence, that are not scored because they were committed while the defendant was a juvenile;

2) repeated instances in which he either violated probation or otherwise disregarded the criminal justice system, most of which occurred immediately after his re-

lease from prison, thus reflecting a likelihood of recidivist behavior; and

3) a potentially serious charge from 1987 in New York involving drugs and theft which remains pending and in which defendant gave a false name and fled the state.

## ORDER

For the foregoing reasons, the Court finds that CHC V (rather than IV) is appropriate for this defendant and a sentence reflecting that finding, and the resultant guideline range, has been imposed.

**So ordered.**